UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALTA M. COERVER, ET AL.** | **CIVIL ACTION** |
| **versus** | **NO: 07-2971** |
| **ALLSTATE INSURANCE COMPANY**, **ET AL.** | **SECTION N (5)** |

## ORDER

Before the Court is a Motion for Summary Judgment (Rec. Doc. 19), filed by Defendant Allstate Insurance Company ("Allstate"). This motion is opposed by Plaintiffs. After reviewing the memoranda of the parties and the applicable law, this Court concludes that this motion should be granted in part and denied in part.

The initial issue presented in this motion is whether the applicable Standard Flood Insurance Policy("SFIP") issued to Plaintiffs by Allstate lapsed for nonpayment of the premium within the contractual grace period contained in the SFIP, or whether this grace period was extended based on the ordered evacuations and resulting devastation and displacement of citizens caused by Hurricane Katrina. The Court concludes that, regardless of whether Plaintiffs had until August 26, 2005 or August 27, 2005 to tender payment for the SFIP premium, Plaintiffs' premium payment, which was tendered on about September 19, 2005, was timely.

On August 26, 2005, as Hurricane Katrina approached the Gulf Coast, Governor Kathleen Blanco ("Governor Blanco") issued Proclamation No. 48 KBB 2005 and declared the existence of a State of Emergency within the State of Louisiana. This State of Emergency extended from Friday, August 26, 2005 through Sunday, September 25, 2005. (See Exhibit 5 to Rec. Doc. 24). On September 19, 2005, Governor Blanco issued Executive Order No. KBB 2005-40 and transferred limited authority to the Commissioner of Insurance, authorizing him to suspend the provisions of any regulatory statute, or certain orders, rules or regulations of the

Department of Insurance for purposes of enacting and enforcing Emergency Rule 15 of the Department of Insurance.  Thereafter, on September 20, 2005, Louisiana Insurance Commissioner J. Robert Wooley issued Emergency Rule 15, which suspended certain statutes and regulations regarding, among other things, premium payments, of any and all insurance matters affecting certain insureds in Louisiana caused by Hurricane Katrina.  The Court concludes that, according to Emergency Rule 15. 2 and 15.3 (See Exhibit 5 to Rec. Doc. 24), Plaintiffs' contractual grace period contained in the SFIP was extended, such that the payment tendered on or around September 19, 2005 was timely.  Thus, Allstate's motion is denied in this regard.

As for the second part of Allstate's motion, which deals with the exclusion of Plaintiffs' state law-based extra-contractual claims, which Plaintiffs did not actually oppose, the Court finds that Allstate's arguments have merit.  Thus, Plaintiffs' state law-based extra-contractual claims are dismissed.  Accordingly,

Considering the foregoing, **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 19)** is **GRANTED IN PART and DENIED IN PART**, as stated in further detail above.

New Orleans, Louisiana, this 10th day of September, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**